1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| ANTONIO FAHIE, | Case No. CV 17-2092-PSG (SP) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION |
| NEIL McDOWELL, Warden, | |
| Respondent. | |

17
18
19
20

On March 16, 2017, petitioner Antonio Fahie, a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition").  Petitioner challenges his 2003 convictions for multiple counts of aggravated sexual assault on a child.  Pet. at 2.

21
22
23
24
25
26
27

Petitioner raises five grounds for relief: (1) petitioner was prohibited from withdrawing his plea after his counsel misrepresented the charges against petitioner; (2) abandonment and ineffective assistance of counsel in investigation of the case; (3) his counsel misrepresented the charges against petitioner so petitioner was unaware of the true charges to which he pled guilty; (4) factual innocence; and (5) ineffective assistance of counsel in failing to defend petitioner. Pet. at 5-6.

28

As petitioner acknowledges (*see* Pet. at 4), this not petitioner's first § 2254

petition filed in this Court challenging his 2003 convictions.  It is in fact his third such petition.  The first petition – and the first amended petition – filed in case number CV 11-539-PSG (SP) raised at least two of the five claims raised in the instant Petition.  *See* Petition filed January 18, 2011 and First Amended Petition filed July 27, 2011 in case no. CV 11-539.  In particular, the first claim in the prior case is the same as the first claim in this Petition; and the third claim in the prior case is the same as the second claim in this Petition, and may also encompass the fifth claim in this Petition.  In a Report and Recommendation filed August 29, 2011, the Magistrate Judge recommended the first amended petition in that case be denied and the action be dismissed with prejudice as untimely.  On October 7, 2011, this Court filed an order accepting the Report and Recommendation, and filed a Judgment denying the petition and dismissing the action with prejudice.

Petitioner's second habeas case in this Court was case number CV 14-7030-PSG (SP).  The petition in that case raised at least three of the five claims raised in the instant Petition.  *See* Petition filed September 9, 2014 in case no. CV 14-7030.  That is, the second claim in the prior case is the same as the first claim in this Petition; the third claim in the prior case is the same as the second claim in this Petition, and may also encompass the fifth claim in this Petition; and the fourth claim in the prior case is the same as the third claim in this Petition.  The Court summarily dismissed that petition on September 23, 2014, finding it presented claims already adjudicated by the Court in a prior petition, it was impermissibly successive, and it was untimely.  The result will be no different with the instant Petition.

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

2

court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because it presents claims already adjudicated by this Court in the prior petitions in case numbers CV 11-539-PSG (SP) and CV 14-7030-PSG (SP), because it is impermissibly successive, and because it is untimely.

The law with respect to the first three (and possibly the fifth) claims raised in the instant Petition allows for no discretion. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The Supreme Court has specifically stated: "If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citing 28 U.S.C. § 2244(b)(1)). As discussed above, at least three of the claims petitioner presents in the instant Petition are substantially the same as three of the claims petitioner presented in his earlier petition in case number CV 14-7030, and at least two of the claims here are the same as two of the claims presented in case number CV 11-539. As such, § 2244(b)(1) requires dismissal of at least three of the claims raised in the instant Petition, which were already raised and rejected by this Court as untimely in petitioner's prior § 2254 petitions.

That petitioner's fourth claim (and possibly also his fifth) appears to be new does not save it, as even with this new claim petitioner is still challenging the same convictions challenged in his earlier habeas case in this Court, which this Court dismissed as untimely. A prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b), and therefore subject to dismissal.

3

*McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see* 28 U.S.C. § 2244(b).

Under § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:

(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  If petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*,  561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

In his Petition, petitioner makes no showing that the new claim of factual innocence he raises meets either of the exceptions in § 2244(b)(2).  He cites no new rule of constitutional law, and it is apparent that the factual predicate of the claim – that his attorney knew all along he was innocent, but relied on petitioner's confession to a different crime – is not newly discovered.  Indeed, petitioner attaches multiple documents to the Petition, but none are new.  Moreover, even if

4

petitioner's claim falls under one of the § 2244(b)(2) exceptions, the instant Petition would still be impermissibly successive because there is no indication that petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A).  Indeed, Exhibit C to the Petition contains a 2012 order from the Ninth Circuit denying petitioner authorization to file a second or successive § 2254 petition.  Accordingly, all five of the claims in the instant Petition, including the new fourth claim, are barred by § 2244(b)(3).

Finally, even if petitioner had obtained permission from the Ninth Circuit to file a successive petition, the instant Petition would still be time-barred.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).  After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed."  *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002)*.*

The petitions petitioner filed in case numbers CV 11-539 and CV 14-7030 challenged the same judgment from 2003 that petitioner challenges in the instant Petition.  In the first case the Court found that, even with statutory tolling, the AEDPA limitations period expired on August 13, 2005.  Although petitioner raises a claim of factual innocence here, and "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period" (*Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011)), petitioner's claim of innocence does not entitle him to an exception here.  To qualify, a petitioner must establish his

5

factual innocence of the crime, and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Petitioner here offers no new evidence of his innocence, but simply argues his attorney knew petitioner was innocent. That is insufficient to except petitioner from the AEDPA limitation period. Accordingly, the statute of limitation expired on August 13, 2005, making the instant Petition filed on March 16, 2017 untimely by more than eleven years.

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: ___3/29_____, 2017

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

6